OPINION
{¶ 1} Appellant Connie Brehm appeals the decision of the Fairfield County Court of Common Pleas, Juvenile Division, which granted permanent custody of her daughter to Appellee Fairfield County Children's Services ("FCCS"). The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant is the mother of Destiny Greathouse, born in 1997. In May 2003, Jonathan Greathouse was established as the legal father of the child.[1] Appellant and Jonathan have never been married, but have lived together from time to time.
 {¶ 3} On March 18, 2003, FCCS filed a complaint alleging Destiny was a dependent child, citing concerns over parental alcohol abuse and domestic violence between the parents. On March 27, 2003, the child was placed in the temporary custody of FCCS. The trial court found Destiny to be a dependent child on May 15, 2003, and temporary custody with FCCS was maintained. On November 13, 2003, FCCS filed a motion for permanent custody of Destiny.
 {¶ 4} A trial on the permanent custody complaint was held on May 18, 2004 and May 20, 2004. A judgment entry granting permanent custody, with findings of fact and conclusions of law, was filed on August 19, 2004.
 {¶ 5} Appellant filed a notice of appeal on September 16, 2004, and herein raises the following sole Assignment of Error:
 {¶ 6} "The trial court's finding that the minor child could not be placed with the appellant within a reasonable length of time was against the manifest weight of the evidence."
 I. {¶ 7} In her sole Assignment of Error, appellant contends the trial court erred in concluding that Destiny could not be placed with appellant within a reasonable time or should not be placed with appellant. We disagree.
 {¶ 8} R.C. 2151.414(E) sets forth the factors the trial court is to consider when determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parent. In the case sub judice, the following factors were found pertinent by the trial court:
 {¶ 9} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353
of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 10} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 " * * * {¶ 11} "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing * * *.
 " * * * {¶ 12} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 " * * * {¶ 13} "(16) Any other factor the court considers relevant."
 {¶ 14} The main pertinent requirements of the case plan in this matter were that appellant was to attend and follow through with counseling at the Recovery Center, cease all drug and alcohol use, eliminate domestic disputes, acknowledge the lack of protection to Destiny caused by exposure to parental drug and alcohol abuse and domestic violence, and utilize skills learned in counseling.
 {¶ 15} Although appellant, age twenty-three, attended counseling sessions, the record reveals that on September 15, 2003, while Destiny was on visit status with appellant, appellant was admitted to a hospital after consuming alcohol and pills. In November, 2003 appellant commenced an in-patient drug and alcohol treatment program with the Rural Women's Recovery Program ("RWRP"). Appellant was released from RWRP in January 2004, with a recommendation from said facility that appellant live in transitional housing. However, appellant was discharged from transitional housing after only two weeks for lying to staff members. As of May 20, 2004, appellant was no longer actively engaged in any drug or alcohol counseling and admitted to consuming alcohol as recently as one month beforehand. At trial, her substance abuse counselor stated appellant's dependence on alcohol and marijuana was chronic. Tr. I at 31. When asked to give a prognosis, the counselor opined that "* * * it's safe to say that she could probably use a good year or two of counseling sober before she would be maybe ready to fully sustain herself." Tr. I at 33.
 {¶ 16} Appellant's psychological evaluation, conducted by Dr. Christopher Ray, revealed that she suffers from alcohol dependency, depressive disorder, and dependent personality disorder. She has also shown characteristics of borderline intellectual functioning. Dr. Ray further opined that based on such factors and her apparent lack of desire to make positive lifestyle changes, her prognosis for improvement on these issues was "very guarded." Tr. I at 156.
 {¶ 17} The trial court also heard evidence concerning stability issues in appellant's life. Appellant lived in four or five different locations between March 2003 and the evidentiary hearings of May 2004, not including residential treatment. Tr. I at 112. During that time, she was in relationships with five different men, not including Destiny's father, Jonathan Greathouse, who has a lengthy history of acts of domestic violence against appellant. Appellant was further described as "continually" resuming her relationship with Greathouse. Tr. I at 209. Also, from May, 2003 until February, 2004 (when she gained steady employment), her employment consisted of just one job, which she held for approximately three weeks. Ongoing services worker Tracy Manning testified that appellant failed to follow through with Destiny's dental treatment and missed Destiny's final occupational therapy treatment. Tr. I at 95.
 {¶ 18} In April 2004, appellant was arrested for disorderly conduct. On May 3, 2004, her probation was revoked in municipal court, and she was ordered to serve ninety days in jail commencing May 21, 2004. Furthermore, FCCS additionally set forth in the case plan that appellant was to recognize the negative influence of persons who engage in drug and alcohol abuse; however, in violation of court orders, appellant continued to have contact with her parents, who purportedly have their own substance abuse problems. Manning concluded that "[d]ue to Connie[`s] substance, or alcohol abuse, relationship history, family supports and upcoming sentence, Connie does not have the ability, or the time before she goes to jail * * *, to provide [a legally secure permanent placement] for Destiny." Tr. I at 211.
 {¶ 19} Based upon our review of the evidence in light of the above statutory factors, we find the record contains clear and convincing evidence to support the trial court's findings and conclusions. Accordingly, the trial court did not err when it determined Destiny could not be placed with appellant within a reasonable time or should not be placed with appellant.
 {¶ 20} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 21} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Fairfield County, Ohio, is hereby affirmed.
By: Wise, J. Gwin, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Fairfield County, Ohio, is affirmed.
Costs to appellant.
[1] Jonathan has separately appealed under case number 04-CA-57.